LeRoy Dibble v. Newell Nash.

47 589
107 358

*Fraud in exchange of land—Evidence—Construction of charge.*

Where a patient sued his doctor for cheating him in an exchange of land, it was *held* admissible to ask the patient on his examination-in-chief as to what the state of his health was previous to the bargain, it being claimed that the doctor had represented the land as a healthier location than that where the patient then resided.

Where the testimony of a witness in reference to a particular subject is part of a continuous conversation relating to that matter and to the subject of the litigation, it is not error to admit it, if the conversation is relevant, and a party on whose motion it has been stricken out cannot afterwards complain of its admission.

In an action for fraud in substituting one parcel of land for another in an exchange of real property, it is admissible to show that before the exchange defendant had offered to the witness the land which he afterward agreed to let plaintiff have, as this would tend to show that the substitution was not a mere mistake.

Portions of a connected charge which covers the whole controversy will not be considered alone for the purpose of bringing error.

Error to Van Buren.   Submitted January 18.   Decided January 25.

CASE.   Defendant brings error.   Affirmed.

*Mills, Crane & Hilton* for plaintiff in error.

*Brown, Howard & Roos* for defendant in error.   In cases of intent to defraud evidence is admissible of acts similar to the offence charged, if done at or about the same time :  *Cary v. Hotailing* 1 Hill 316 ;  *Irving v. Motly* 7 Bing. 553 :  5 Moore & P. 380 ;  *People v. Saunders* 25 Mich. 122 ;  Phil. Ev. (C. & H. ed.) 452, n. 333 ;  465, n. 352 ;  he who obtains property by false statements is liable as for fraud even though he did not know of their falsity :  *Converse v. Blumrich* 14 Mich. 123 ;  *Stone v. Covell* 29 Mich. 364 ;  *Carter v. Glass* 44 Mich. 155 ;  and if the circumstances give one a right to rely on the statements there is no negligence in doing so :  *Bristol v. Braidwood* 28 Mich. 195 ;  *Swimm v. Bush* 23 Mich. 99 ;  *Eaton v. Winnie* 20 Mich. 156.

MARSTON, J.   Nash brought this action to recover damages on account of an alleged fraud practiced on him by Dibble in the exchange of certain real estate.   In brief the charge is that Dibble fraudulently pointed out to Nash a certain description of land, with certain improvements thereon, and afterwards conveyed an adjoining description of tamarack marsh lands of but little value and with no

improvements thereon. The plaintiff below recovered a judgment and the case comes here on writ of error. The errors assigned so far as deemed of sufficient importance will be noticed in their order.

The plaintiff was examined as a witness in his own behalf and was asked, "What was the state of your health previous to November, 1877?" which was about the time the agreement to exchange was made. The defendant was and had been the plaintiff's family physician, and it was claimed that he had represented the land he was offering the plaintiff as being in a more healthy location than where the plaintiff then resided.

The evidence was in our opinion admissible which this question was designed to and did draw out. In cases like the present a liberal rule has always been allowed in the examination of witnesses, so that all the facts and circumstances pertaining to and evidently having any bearing on or likely to throw light upon the issue made may be admitted. The fact that the defendant was and had been the plaintiff's family physician; that the plaintiff had not been enjoying good health; that a better or more healthy location was pointed out and offered him by his physician, certainly could not be said to have no tendency to show that the plaintiff relied upon the representations made and inducements held out. What is here said is equally applicable to several of the other questions raised and need not again be repeated.

The evidence of the witness Nash with reference to what was said about the Lawton property was in our opinion properly admitted. It was but a part of a continuous conversation relating to that and the property in question. The court afterwards, on motion of defendant's counsel, struck out this evidence, so it is not apparent what right they now have to complain.

The testimony of Richmond and Showerman tending to show that defendant had previous to the exchange with plaintiff offered to sell them the land he first pointed out to the plaintiff as his was admissible. It certainly had a

direct tendency to show that his dealings with and conveyance of another piece of land to the plaintiff were something more than a mere mistake on his part. *Beebe v. Knapp* 28 Mich. 53; *Gordon v. Cook*, ante, p. 248.

Complaint is also made of certain parts of the charge. This court has repeatedly held that where the court has charged the' jury, covering the entire case, portions of such charge will not be considered separate from the rest for the purpose of finding error. But few charges could stand such a test. In this case the charge was full, clear and unobjectionable; the theory of both parties, plaintiff and defendant, was carefully presented, and the defendant can have no legal cause of complaint arising thereon.

We discover no error in the record, and the judgment will therefore be affirmed with costs.

The other Justices concurred.